# Court of Appeals
# of the State of Georgia

ATLANTA,  January 04, 2023

*The Court of Appeals hereby passes the following order:*

**A23D0186. LUMPKIN COUNTY, GEORGIA v. THE STATE OF GEORGIA.**
**A23D0187. LUMPKIN COUNTY, GEORGIA v. CITY OF DAHLONEGA, GEORGIA.**

These applications for discretionary appeal arise out of a dispute between Lumpkin County ("the County") and the City of Dahlonega (the "the City") over their proportional shares of a Local Special Option Sales Tax ("LOST"). The Georgia Department of Revenue ("the Department") is the entity that collects and distributes the proceeds generated by the LOST. In or about October 2022, the City submitted a LOST distribution certificate to the Department which allocated 25 percent of the LOST proceeds to the City and the remaining 75 percent to the County. The County objected to the certificate, but the Department responded that it considered the certificate "facially valid" and would therefore be distributing the LOST proceeds in accordance therewith. The County thereafter sought declaratory and injunctive relief against the Department in Fulton County Superior Court and against the City in Lumpkin County Superior Court. Pursuant to a consent order, the action against the City was transferred to Fulton County Superior Court and consolidated with the action against the Department.

Following a hearing, the trial court entered a single, final order declaring the distribution certificate filed with the Department to be valid and denying the County's requests for relief. The County then filed these applications for discretionary review.[1]

---

[1] In Case No. A23D0186, the County seeks review of the final order entered in the Fulton County action, and in Case No. A23D0187, it seeks review of the final order entered in the Lumpkin County action.

Given that these appeals are from a final judgment, and because they do not fall into any category of case listed in OCGA § 5-6-35, the County is entitled to a direct appeal in both cases. See OCGA § 5-6-34 (a) (1).

This Court will grant an otherwise timely application for discretionary appeal if the lower court's order is subject to direct appeal. See OCGA § 5-6-35 (j). Accordingly, these applications are hereby GRANTED, and the County shall have ten days from the date of this order to file notices of appeal with the trial court, if it has not already done so. See OCGA § 5-6-35 (g). The clerk of the trial court is DIRECTED to include a copy of this order in the record transmitted to the Court of Appeals. The County's motions to expedite these applications are hereby DISMISSED as moot.[2]



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,    01/04/2023
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.

_Stephen E. Castlen_ , Clerk.

---

[2] If the County wishes to expedite the appeals, it should file a motion under those case numbers, once the appeals are docketed.